PD

TO:   Michael E. Kunz, Esquire, Clerk
      United States District Court, Eastern District
      601 Market Street, Philadelphia, PA 19106
      (215) 597-2093

DATE:   May 31, 2007

                                          JUN 2 8 2007

FROM:   Jesse Godfrey, Inst. No. BM-5499       RECEIVED
        S.C.I. Graterford, P.O. Box 244
        Graterford, PA 19426

SUBJECT: PETITION FOR WRIT OF HABEAS CORPUS, UNDER 28 USC, 2254
         and CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT
              (State Court Docket, No. CP 9007-1099 1/1)

Dear Mr. Kunz:

     Enclosed herein you will find four (4) copies plus the
original (1) of the Petitioner's Petition for Writ of Habeas
Corpus, Under 28 U.S.C., § 2254, and Consolidated Memorandum
of Law in Support.

     A copy (1) of the same has been served upon the respondent,
Thomas Dolgenos, Esquire, Chief, Federal Litigation, Office
of the District Attorney, at Three S. Penn Square, P.O. Box
3499, Philadelphia, PA 19107-3499, (215) 686-5725.

     Please forward to me, at the above address, a TIME and
DATE STAMPED NOTICE OF the RECEIPT and FILING of the enclosed
Petition for Writ of Habeas Corpus, Under 28 U.S.C., § 2254,
and Consolidated Memorandum of Law in Support.

Prepared by :                          Respectfully submitted

William Middleton                      Jesse Godfrey

Encl. (5) copies 2254 and Memo of Law  Jesse Godfrey, pro se
Thomas Dolgenos, Esq.
J.G./fl.

PD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

No. _____          **07 -2711**

COURT OF COMMON PLEAS DOCKET NO. CP 9007-1099 1/1

JESSE GODFREY,

Petitioner

VS.

DAVID DIGUGLIELMO, et al.,

Respondent

FILED

JUN 2 9 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C., § 2254
AND CONSOLIDATED MEMORANDUM OF LAW

PETITIONER IS PROCEEDING
PRO SE

JESSE GODFREY
NO. BM-5499
S.C.I. Graterford
P.O. Box 244
Graterford, PA 19426

TABLE OF CONTENTS

Page

INTRODUCTION ........................................   1

PROCEDURAL HISTORY OF CASE .........................   2

THE SCOPE AND STANDARD OF REVIEW ...................   3

ARGUMENT ...........................................   3

I.    DID THE COURT PROSECUTE AN INCOMPETENT, WHO COULD IN NO WAY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE HIS RIGHT TO A TRIAL?

II.   WHETHER THE PETITIONER BEING INCOMPETENT WHEN HE WAIVED HIS RIGHT TO A TRIAL CONSTITUTES A MANIFEST INJUSTICE WHICH NO CIVILIZED SOCIETY CAN TOLERATE?

CONCLUSION ...........................................

AFFIDAVIT

CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSE GODFREY,               :
     Petitioner          :
                    :
                    :     No. _____
     VS.                     :
                    :     State Court Docket
DAVID DIGUGLIELMO, et al.,    :     CP 9007-1099 1/1
     Respondent          :

---

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C., § 2254

AND CONSOLIDATED MEMORANDUM OF LAW

---

TO THE HONORABLE JUDGES OF THE ABOVE SAID COURT:

Petitioner, Jesse Godfrey, pro se petitioner, hereby moves this Honorable Court to issue a Writ of Habeas Corpus as to the State Court's Judgment, at No. CP 9007-1099 1/1, accepting a Waiver of the Right to a trial by an incompetent, and imposing a sentence of Life without parole, for the charges of Second Degree Murder, Burglary, Robbery, and Possession of an Instrument of Crime, on February 14, 1994.

## INTRODUCTION

The right to a public trial, and an impartial jury is at the foundation of the basic tenants of this country's legal system and is guaranteed by the Sixth Amendment of the United States Constitution. The waiver of this fundamental and substantive right is not taken lightly and must be given close and careful scrutiny. Particularly so when the waiver is tendered by an incompetent defendant. The court, in this case, in accepting the waiver should have taken every precaution to safeguard the defendant's rights and ensure that he fully understood the important right he was waiving.

- 1 -

The State court in this case cannot, in good conscience and based on the record, uphold that this petitioner clearly understood this important Constitutional right that he allegedly, knowingly, intelligently and voluntarily waived.

## PROCEDURAL HISTORY OF THIS CASE

On April 30, 1991, the petitioner allegedly, knowingly, intelligently and voluntarily, waived his right to a jury and was tried by the Honorable Theodore McKee. The petitioner was found guilty and after post-verdict motions were denied on February 14, 1994, he was sentenced to Life imprisonment for second degree murder.

As a result of the petitioner's incompetence, he untimely filed a Notice of Appeal on May 1, 1997, and on June 30, 1998, the State Superior court affirmed judgment at No. 1865 Philadelphia 1997. On March 2, 2000, a pro se P.C.R.A. Petition was filed. The State court dismissed the petition as untimely on April 24, 2001. The petitioner filed an untimely appeal on June 5, 2001, which was denied.

A request was made in December 2001, to reinstate appellate rights, was granted on January 15, 2002 and counsel was appointed. The reinstated appeal was dismissed without prejudice, due to counsel, Richard Hoy, Esquire, failing to timely file the appellant brief.

A second pro se P.C.R.A. Petition was filed on January 30, 2003, and counsel, Scott Griffin, Esquire, was appointed. Counsel correctly assigned ineffective assistance to prior counsel for failing to file the appellant brief. On October 14, 2003, even though it was clear that the ineffective claim of prior counsel failing to file the brief was of arguable merit, the P.C.R.A. Petition was dismissed.

- 2 -

On December 10, 2003, an appeal to the State Superior court was filed. That court dismissed the appeal for failure to file a brief on June 22, 2004, at No. 3754 EDA 2003.

## THE SCOPE AND STANDARD OF REVIEW

The Scope of Review is Plenary. The Standard of Review, generally, 28 U.S.C., § 2254 (a) ... a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the laws of the United States or the Constitution; § 2254 (d) An application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings; and § 2254 (e)(1) ... The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

## ARGUMENT

I.   DID THE COURT PROSECUTE AN INCOMPETENT, WHO COULD IN NO WAY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE HIS RIGHT TO A TRIAL?

The scope of Review of this claim is Plenary. The general standard of Review is found in 28 U.S.C., § 2254(a),       28 U.S.C., § 2254(1) & (2), and 28 U.S.C., § 2254(e)(1).

- 3 -

1. Our United States Supreme Court held in Pate v. Robinson, 383 U.S. 375, 386-87, 86 S.Ct. 836, 842,43 (1966), "if the trial court received evidence, viewed objectively, which raises a reasonable doubt as to competence, yet fails to make further inquiry, the defendant is denied a fair trial."

This is what has occurred in this case, the trial record, attached as the Appendix, see pages 1 to 9, indicates that, to any reasonable person viewing the proceeding, "there was a reasonable doubt as to competence". However, the court "fails to make further inquiry". As a result of this failure by the trial court the petitioner has been "denied a fair trial".

Our United States Supreme Court decided in, Drope v. Missouri, 95 S.Ct. 896, 903-04 (1975), "where there is a reason to doubt the defendant's competency, the trial court is required to conduct a competency hearing."

Based on the circumstances of the case and the testimony as to the petitioner's school and mental health records, April 30, 1991 Transcript of Jury Waiver, pg. 5-7. It was evident the petitioner appeared to be incompetent and since no other evaluation had been made as to the petitioner's competency, the District attorney read into the record the only evaluation available.

April 30, 1991 Transcript of Jury Waiver, pg. 8-9
"There is a further report of June 26, 1989. This is also from the Mental Health Unit by Dr. Saul, Court psychiatrist, finding the defendant at that time was psychotic. Is incompetent to proceed with legal process at that time." The trial court in this case, based on Dr. Saul's opinion, had a responsibility to safeguard the petitioner's right to a fair trial and it did not.

- 4 -

2. In expecting that the State would argue that the petitioner has procedurally defaulted this claim. However, the petitioner relies on the ruling of the State's Highest court, quoting our United States Supreme Court's holding that, "claims of incompetence are subject to no-waiver rule", Commonwealth v. Marshall, 318 A.2d 724, 727 (1974), quoting, Pate v. Robinson, 86 S.Ct. 836, 841 (1966).

3. Not only has the State's Highest court and our United States Supreme Court held that "where there is a reason to doubt the defendant's competency, the trial court is required to conduct a competency hearing", State Statute also requires a determination of competency, see 50 P.S. § 7402(e)(4), "A report shall be submitted to the court and to counsel and shall contain a description of the examination." The court in this case, even in light of the petitioner's school and mental health history, failed to order an evaluation until after the jury waiver, finding of guilt and imposing of sentence,

The record is clear, the petitioner's could have in no way knowingly, intelligently, and voluntarily, waived his right to a jury. See Appendix, April 30, 1991 Transcript of Jury Waiver, pgs. 41 to 59.

Accordingly, following our United States Supreme Court's holding in Pate v. Robinson, 383 U.S. 375, 386-87, 86 S.Ct. 836, 842,43 (1966), "if the trial court received evidence, viewed objectively, which raises a reasonable doubt as to competence, yet fails to make further inquiry, the defendant is denied a fair trial."; and, Drope v. Missouri, 95 S.Ct. 896, 903-04 (1975), "where there is a reason to doubt the defendant's competency, the trial court is required to conduct a competency hearing.", see Appendix, April 30, 1991 Transcript of Jury Waiver, pg. 117.

The petitioner in this case has shown that he is in State custody in violation of the laws of the United States. Pate v. Robinson, and Drope v. Missouri, supra., 28 U.S.C., § 2254(a). The State court's decision was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States, and, resulted in decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, 28 U.S.C., § 2254(a)(1) and (2). The State court transcript of this matter is clear and convincing evidence, even viewed in a light favorable to the verdict winner, rebuts the State court's presumption of correctness as to its judgment, 28 U.S.C., § 2254(e)(1). The Writ should be granted and the judgment of the State court vacated.

II.  WHETHER THE PETITIONER BEING INCOMPETENT WHEN HE WAIVED HIS RIGHT TO A TRIAL CONSTITUTES A MANIFEST INJUSTICE WHICH NO CIVILIZED SOCIETY CAN TOLERATE?

The review of this claim also requires a Plenary scope of Review and the application of 28 U.S.C., § 2254(a), 28 U.S.C., § 2254(1) & (2), and 28 U.S.C., § 2254(e)(1).

The petitioner, in claim "I", has set forth a cognizable claim that he was incompetent during the State court proceedings of the jury waiver, and that he could have in no way knowingly, intelligently and voluntarily waived his substantive constitutional right to a jury trial.

1. A State court's judgment that relies on proceedings like the process that took place in this case, is of such a nature as to offend the basic norms of a fair judicial process.

Necessarily, "the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration, as this petitioner is suffering. This concept is what constitutes a finding that a "manifest injustice" has occurred. The esteemed Justice Holmes stated, "what we have to deal with is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved".

This case also requires the application of, Lines v. Larkins, 208 F.3d 153, 160 (3rd Cir. 2000), "The exhaustion of State remedies requirement is excused when resort to State courts would be futile."

2. Although a definitive holding as to what a "manifest injustice" is has not been agreed upon. Blacks Law Dictionary, Eighth Edition defines it as, "An error in the trial court that is direct, obvious, and observable." It is also defined as a Manifest error, which is, "An error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."

See, Lee v. Kemna, 534 U.S. 362, 376, 122 S.Ct. 877 (2002), "exceptional cases" may arise when to prevent manifest injustice, a procedural default should not bar federal habeas review."

3. The obvious error rule "requires the reviewing court to make a penetrating inspection of all the circumstances of the trial to determine whether there exists a seriously prejudicial error tending to produce manifest injustice", State v. Lambert, (Me) 528 A.2d 890).

That error occurred when the State court held a proceeding and accepted this petitioner's jury waiver.

- 7 -

At page 8, of the Appendixed April 30, 1991 Jury Waiver Transcript, the court heard the following testimony; "In addition, history of drug and alcohol dependence. The defendant has a major mental illness" ....; "he was brought in for evaluation, complaining of auditory hallucinations and suicidal inclinations. He was hospitalized on June 23, 1989, complaining of hearing voices and feeling suicidal. Diagnostic impression, paranoid type, substance abuse, alcohol addiction."

However, even after hearing such probing determinations by examining psychiatrist and clinical psychologist, the court did not find the need to request a mental evaluation to determine competency. Even though during the entire proceedings no other record of a current mental evaluation was given other than the 1989 evaluation. This was a seriously prejudicial error on the part of the trial court, tending to produce a manifest injustice.

Our United States Supreme Court has held, "The controlling consideration must be whether the petitioner was denied fundamental fairness in the State court proceeding ... which enables the federal writ to grant relief in cases of manifest injustice, Murray v. Carrier, 106 S.Ct. 2639, 2648 (1986). In this case the record supports that the petitioner "was denied fundamental fairness in the State court proceeding" and it is also abundantly clear from the record of the State court proceedings, that because of the denial of fundamental fairness in the State court proceedings, the petitioner is suffering a manifest injustice and the Writ should be granted.

The petitioner has met this Court's Standard of Review for this claim. He clearly "is in State custody in violation of the laws of the United States".

The State court's determination of the Jury Waiver hearing was "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States", and it resulted in "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings". The presumption of the correctness of the State court judgment has been rebutted by that court's own record.

Based on the herein, the petitioner requests that this Honorable Court grant the petitioner's Petition for Writ of Habeas Corpus and Order a New Trial or in the alternative, set a date for a hearing on the petitioner's claims.

Date: May 31, 2007                      Respectfully submitted,

                                        *Jesse Godfrey*

                                        Mr. Jesse Godfrey
                                        Petitioner, pro se
                                        Inst. No. BM-5499
                                        S.C.I. Graterford
                                        P.O. Box 244
                                        Graterford, PA 19426

Prepared by:

*Wilson Miller*

- 9 -

<u>AFFIDAVIT</u>

I Jesse Godfrey, petitioner pro se, do solemnly swear that the facts set forth in the enclosed Petition for Writ of Habeas Corpus and Consolidated Memorandum of Law in Support, are true to the best of my belief, knowledge, and information. I make this statement with clear understanding that I subject myself to the full penalties of law as is set forth in 28 U.S.C., § 1746.

<u>CERTIFICATE OF SERVICE</u>

I, Jesse Godfrey, pro se petitioner herein, certify that I am serving the forgoing Petition for Writ of Habeas Corpus and Consolidated Memorandum of Law in Support, upon the person(s) indicated below and in the manner indicated. This Service satisfies the requirements of F.R.Civ.P., Rule 5(b)(2)(B), relating to Service.

Thomas Dolgenos, Esquire
Chief, Fedral Litigation
District Attorney's Office of Phila.
Three S. Penn Square
P.O. Box 3499
Philadelphia, PA 19107-3499
(215) 686-5725
<u>TYPE OF SERVICE</u>
()Personal(X)1st Class Mail

Date: May 31, 2007

Respectfully,

*Jesse Godfrey*
Mr. Jesse Godfrey

APPENDIX

TABLE OF CONTENTS OF APPENDIX

Appendices                                                    Ref. Page

    JURY WAIVER HEARING TRANSCRIPT OF APRIL 30, 1994
    Pages 1 through  9                                          4


    JURY WAIVER HEARING TRANSCRIPT OF APRIL 30, 1994
    Pages 5 through 7                                           4


    JURY WAIVER HEARING TRANSCRIPT OF APRIL 30, 1994
    Pages 8 to 9                                                4


    JURY WAIVER HEARING TRANSCRIPT OF APRIL 30, 1994
    Pages 41 through 59                                         5


    JURY WAIVER HEARING TRANSCRIPT OF APRIL 30, 1994
    Page 117                                                    5

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CRIMINAL TRIAL DIVISION

– – –

| | |
|---|---|
| COMMONWEALTH | : JULY TERM, 1990 |
| | : NO. 1099 – Murder<br>Voluntary Manslaughter |
| | : NO. 1100 – Involuntary<br>Manslaughter |
| VS. | : NO. 1101 – Burglary<br>Theft, RSP |
| | : NO. 1102 – Robbery |
| | : NO. 1103 – Possession of<br>Instrument of Crime |
| | : Generally and Possession of |
| CLIDE GODFREY | : a Crime, Weapon |

– – –

JURY WAIVER

– – –

Room 446, City Hall

Philadelphia, Pennsylvania

– – –

April 30, 1991

– – –

BEFORE:   HONORABLE THEODORE A. MC KEE, J.

PRESENT:   JOSEPH MC GETTIGAN, ESQUIRE
Assistant District Attorney
For the Commonwealth

GERALD STEIN, ESQUIRE
Counsel for the Defendant

5

Exhibit D-1, that this is a pill bottle that belongs to Jesse Godfrey.

The notation on the label is for Triavil.  The date is 4-6-90, for one tablet in the morning, two at bedtime, Dr. C. Guy, the prescribing physician.  The prescription was filled at the North Broad Pharmacy.

With the stipulations as to the records, the stipulations would be that if the custodian of the records of the various institutions were called here to testify, that they would testify that these are records which are kept in the normal course of their business and these are accurate records of various institutions regarding the defendant Jesse Godfrey.

THE COURT:  Okay.

I could take a recess to review those records.  Perhaps you can summarize them.

MR. STEIN:  We would first focus the Court's attention on the school records, indicating that as of 1971, Mr. Godfrey was placed into an R.E. Unit, a retarded educable setting in the Philadelphia School District, and continuing in that status until 1978.

As to the December 15, 1989 admission

psychiatrist with our mental health unit, with a diagnostic formulation of schizophrenic reaction, paranoid type, partially in remission.  In addition, history of drug and alcohol dependence.  The defendant has a major mental illness in partial remission and appears capable of standing trial at that time.  That is the report that related back to the previous case, the arson case in October of 1989.

There is also an August, 1989 report from the Hahnemann Unit addressed to the late Judge Bednarek, indicating that when he was brought in on June 22, 1989 he was brought in for evaluation, complaining of auditory hallucinations and suicidal inclinations.  He was hospitalized on June 23, 1989, complaining of hearing voices and feeling suicidal.  Diagnostic impression: Schizophrenia, paranoid type, substance abuse, alcohol addiction.

There is a further report of June 26, 1989.  This is also from the Mental Health Unit by Dr. Saul, Court psychiatrist, finding the defendant at that time was psychotic.  Is

incompetent to proceed with legal process at that time. A discharge summary relating to that, which I just mentioned, dated July 11, 1989:  Again, the discharge diagnosis, paranoid schizophrenia.  He was discharged to the general prison population and received ongoing out-patient treatment.

There is a second copy of the same report.

We move for the admission of the records and the exhibits and we rest.

THE COURT:  The exhibits will be received.

MR. MC GETTIGAN:  If I may, briefly, I think it's incumbent upon me to point out certain elements of the records which Mr. Stein has introduced and I have already mentioned to the Court but made reference to in part.

With regard to the evaluation of the defendant done on 10-26-89, Dr. Stanton remarked with regard to the mental health status examination, that on the interview with the defendant, he was alert, polite, cooperative.  He is oriented as to person,

THE COURT:  I probably would have to colloquy the defendant on that.

MR. STEIN:  May we have just a minute.

(Counsel confers with Defendant Godfrey.)

MR. STEIN:  We are ready.

THE COURT:  You may swear in Mr. Godfrey.

THE COURT CRIER:  State your full name and spell it.

. . . JESSE GODFREY, 906 West Susquehanna Avenue, Philadelphia, Pennsylvania, sworn.

- - -

WAIVER COLLOQUY

- - -

BY THE COURT:

Q   Mr. Godfrey, I have to have a discussion with you and ask you several questions.  The reason for my questioning will be that I need to make certain that you understand the rights that you will be giving up proceeding to trial without having a jury hear your case.  There is another part of this that I need to explain to you that I will do in a second.  But it's very important that you understand that if I say anything that you do not understand, if you would please stop me and feel free to discuss anything with Mr. Stein, your lawyer.

Also, if you want me to repeat or rephrase any question that I ask of you, please do that.  Please ask me

to repeat it.  Don't answer a question that you don't understand.

    Do you understand that, Mr. Godfrey?

A. Yes.

  The reason I need to go through this is, again, so that I can be sure that you understand the rights that you are giving up by not having a trial by jury.

    Do you understand that?

A. Yes.

Q. How old are you?

A. Twenty-nine.

Q. We have already established that the school you went to was not a graded school but you apparently completed the equivalent of around the tenth grade; is that right?

A. What?

Q. You completed the equivalent of around the tenth grade in school?

A. R.E.

Q. Well, I understand that.  That is your classification.

    How old were you when you left school? Do you remember?

A. About sixteen or seventeen.

Q. And you were classified as retarded educationally?

A. Yes.

Q. You do not read, write and understand all that well?

A. Yes.

Q.    There is a written form that I want you to take a look at.
I will ask Mr. Stein to read that form to you.

That form is going to have on it a very
brief outline of what I am going to describe to you in detail.
If you have no problem, no objection or no disagreement with what
is on that form in terms of the rights that you are willing to
give up, if you will sign it, the attorney will sign it, the
assistant district attorney will sign it and I will sign it.

First of all, do you understand, Mr.
Godfrey, that you have an absolute right to proceed to trial by
jury if you want to?

A.    (Nods head.)

Q.    You are nodding.  You have to answer.

A.    Yeah.

Q.    Today, is it your understanding that you want to give up
your right to a trial by jury and have your case heard by a judge
sitting without a jury?

A.    (Nods head.)

Q.    Again, you are nodding.  Say that out loud.

A.    Yeah.

Q.    Did anybody force you or coerce you to have you give up
your right to a trial by jury?

A.    No.

Q.    Do you understand what the word "coerce" mean?

A.    No.

Q.    If I use a word that you don't understand, don't answer the question.  I just asked you if anybody forced you or coerced you. You said nobody had but then you told me you don't understand what the word "coerce" means.  Coerce is another way of saying force.

Are you doing this of your own free will, giving up your right to a trial by jury?

A.    Yes.

Q.    Has anybody promised you anything, in terms of giving up your right to a trial by jury?

A.    No.

Q.    When I say you have an absolute right to a trial by jury, I mean just that.  That no one other than yourself in consultation with your attorney can determine that you are not going to have a jury trial.  I cannot do that.  The Commonwealth of Pennsylvania cannot do that.  It's totally up to you after consultation with your attorney.

Do you understand that?

A.    Yeah.

Q.    Are you satisfied with your attorney's advice and representation so far?

A.    Yeah.

Q.    Do you feel that you have had enough time to discuss this with him?

A.    Yeah.

Q.    That he knows about the case everything that you want to tell him about your case?

A.    Yeah.

Q.    Now, it's clear to me that you are saying, you have decided that you want to give up your right to a trial by jury.

Let me take a few moments and explain to you in some detail what a trial by jury involves, so that again I can be sure that you understand what you are giving up.  If you wanted to have a trial by jury, what would happen would be that we would select a jury of around, approximately twelve people to hear your case and the way we would select a jury would be that we would first call downstairs to the room where everybody who is on jury duty is assembled.

Do you understand that?

A.    (No response.)

Q.    Do you understand that?

A.    Yeah.

Q.    And those are people who have been selected at random from Philadelphia County's voting rolls.  When I say at random, I mean, basically picking names out of a hat except the computer does it, picking names off the voting rolls.

The people who are on jury duty represent a cross-section of Philadelphia County in terms of age, race, educational background, employment history, male, female, would be roughly even.  We would then ask from all those people who are

on jury duty, forty people  be picked at random.  Those forty

people would come to the room and we would pick your jury of

twelve from those forty people who come into the courtroom.

Do you understand?

A.    Yes.

Q.    The way we would pick the jury of twelve would be, I would

explain certain legal principles to them and then I would ask

questions of them.  And the questions that I would ask of them

have two different purposes.  One of my sets of questions would

be designed to get at the understanding of and willingness to

be guided by those legal principles that each of the jurors have.

Do you understand that?

A.    Yes.

Q.    After I explain the legal principles, I would ask questions

of the potential jurors to be sure they understand those

principles and their willingness to be guided by if they were

to be on the jury.  Then I would ask background questions to get

background information from each of the people who may be picked

to be on the jury so that I and your attorney and the assistant

district attorney can determine whether or not there is something

about that individual that would suggest to us that that person

should not be on the jury.

I would explain that a person who is

charged with a crime is presumed to be innocent of that crime.

And that Mr. Godfrey, yourself, the fact that the Commonwealth

has brought charges against you does not mean anything. It means that they are going to try to prove those charges. Maybe they will be able to, maybe they will not be able to. I will explain to the potential jurors, the fact that you have been brought in on these charges does not mean that you are guilty of anything. But that the district attorney have to prove you are guilty. You do not have to prove yourself innocent. That would mean that you do not have to testify. You will not have to call witnesses unless you decide you want to do that. If you wanted to do those things, you would before a jury and even before just a judge, you have an absolute right to do those things but you don't have to. I would explain that the failure to do those things could not be used against you.

Do you understand all that?

A.    Yes.

Q.    Let me ask you a question so that I can be sure you understand.

Let's assume that during the course of the jury selection, I asked questions to the jury, as I would, and one of the questions I asked to the panel, people who come to the courtroom for jury selection is the following:  Let's assume that I asked, "If Mr. Godfrey did not testify during the course of his trial, would any of you hold that against him? Would any of you feel that you needed to hear his side in order to decide this case?"  And let's assume that one person stood up

and said, "Yes, I would have to hear what Mr. Godfrey had to say about this," is that somebody who should be allowed to sit on your jury? What do you think?

A.   Say that again.

Q.   Is that person somebody who should be allowed to sit on your jury, somebody who would say I have to hear from Mr. Godfrey what he thinks about this otherwise I would be inclined to think he was hiding something from me.

A.   No.

Q.   That is right.  The reason is, you have a right to testify. So if that person stood up and answered my question that way, that is somebody who would not be allowed to sit on your jury.

Do you understand that?

A.   Yes, sir.

Q.   I would also ask questions, whether or not anyone has been a victim of a crime, whether or not anybody knows any of the witnesses in the case; whether anybody is a police officer or a security guard or anything of that sort so that I can get background information or the attorneys can get background information.  Your attorney and the district attorney could also ask questions of the person who was brought in for jury duty in this case and at the end of the questioning, under the law you are allowed two different mechanisms of keeping somebody off your jury.  Mechanisms means there are two different ways to keep someone off your jury.  The names are not important but I

will mention the names in passing, to kind of keep this straight. One is called the challenge for cause. All that means is that if you or your attorney or the district attorney believes that someone in that group of potential jurors that we are picking a jury from are not going to be a proper juror under the law, then you can say to me, "Judge, I move to excuse that person because there is cause to believe that the person is not going to be a proper juror."

An example of that would be what we just discussed. If someone stood up and said, "I have to hear Mr. Godfrey's side of this thing," you could - - in fact, you would not have to. I would do it. I would stop the person and answer the question. But if I didn't, you could argue through Mr. Stein that that person should be excused. You can't let them sit on the jury because he is not going to be fair. If he sits on a jury, he is going to require my client to testify and under the law he does not have to. Don't let him sit on the jury. I would agree with that and the person would be excused from jury service.

Do you understand that?

A.     Yes.

Q.     Under the law there are no limits as to how many people you could excuse from service on your jury in that manner.

Do you understand that, in theory? Do you understand what I mean by in theory?

A.    No.

Q.    It means it's possible that all forty of the people who came into the courtroom that we were going to pick the twelve jurors from could be excused because after being interviewed, each one of them would say something that would cause me to believe there was a reason to believe that they were not going to be fair to you or to the Commonwealth and all forty of them would be sent back downstairs. We will call downstairs and have them send forty more people up here.

Do you understand that?

A.    Yes.

Q.    The other way we can excuse people or keep people from being selected to sit on your jury is by what we call a peremptory challenge. The name is not important.

What that means is under the law, you and the district attorney are both allowed up to seven opportunities to keep someone from sitting on your jury for any reason whatsoever, no matter how they answer my question. There is something that says they don't believe what they are saying, maybe they are lying, or even if you think they are telling the truth, you don't trust them. Maybe the part of the city they live in, maybe the way they looked at you when they came into the courtroom; anything at all about that person that says to you that you don't want them on the jury. You can keep them from sitting on your jury but you can only do that up to seven times.

After that, you have to give me a reason and it has to fall into that other category of strikes or challenges that I just discussed with you in order for the person to be excused.

            Do you understand all that?

A.    Yeah.

Q.    You hesitated for a second.  If you don't understand that, let me know.

A.    No.

Q.    Don't say you do understand if you don't.

A.    Okay.

Q.    What I am trying to tell you is when we select a jury, there are two ways that we can keep somebody from sitting on the jury.  Again, when we select a jury we are trying to find twelve people to sit on that jury.  And we do it by interviewing people selected at random.

            Do you understand that?

A.    Uh-uh.

Q.    Okay.  What part of that don't you understand?  Let me ask you a question.

            The people we would be interviewing to sit on your jury are those people who would be chosen by chance or random.

A.    I understand.

Q.    I am sorry.  I can't hear you.

A.    Yeah.

Q.    Try to speak up.

What I am telling you is as we are interviewing people, we don't just have to take the first twelve people.  We interview forty people and as we go through the interview, under the law, you can keep certain of those people that we interviewed from being selected to sit on your jury.

Do you understand that?

A.    Yes.

Q.    There are two different ways to do that.  One is saying to me, "Judge, one or more of the people that you have talked to has no business sitting on the jury because they have answered your questions in such a way as to suggest to you that that person can't be a proper juror."  And that is the example I have discussed with you, with someone standing up and saying, "I have to hear from Mr. Godfrey before I can decide this case."

Do you understand that?

A.    Yes.

Q.    If that were to happen, that is somebody that I would excuse from sitting on your jury.  And under the law, you through your lawyer, or the district attorney can argue to me that anyone should not be allowed to sit on the jury based upon the answers that they give to the questions that I have asked during the selection process.

Do you understand all of that?

A.    Yes.

Q.    Under the law, there is another way to keep somebody off
your jury, even if somebody answers all of the questions that I
ask, your lawyer or the district attorney asks, in such a way
to suggest that they are going to be fair.  You don't have to be
stuck with those answers.  Maybe the person when they are being
interviewed would be the best juror you can imagine in terms of
how they answered the question.  They say they can be fair to
both sides.  They say that they can presume that you are
innocent and they will not convict you unless the Commonwealth
comes in here with enough testimony to convince them of your
guilt beyond a reasonable doubt.  They give all the right
answers.  But you don't believe them.

                    Under the law you don't have to be stuck
with that person's answers because the law says that you can
excuse somebody, or ask me to keep them off your jury for any
reason whatsoever.  But there is a limit as to how many times
you can do that.

                    Do you understand that?

A.    Yes.

Q.    The reason for the limit is that we would never get a jury.
You could just excuse anybody forever, from sitting on the jury.
The law says that you can only do that seven times.  And the
district attorney has the same right.  He can excuse anybody,
up to seven times.

                    Do you understand that?

A.    Yes.

Q.    Okay.  That is what I am trying to explain.

Once we get a jury, we get twelve people to sit on your jury.  At a jury trial, you can't be convicted unless everybody on your jury is convinced of your guilt beyond a reasonable doubt.

Do you understand that?

A.    Yes.

Q.    Let me go through it one more time because I am going to ask you two questions about it.

You can't be convicted at a jury trial unless everybody on your jury is convinced of your guilt beyond a reasonable doubt.  Let's assume that you were to have a jury trial.  Let's assume that after that trial, ten of the people on the jury thought that you were guilty beyond a reasonable doubt, two of the people thought that you were not guilty.  Should you be convicted, in that situation by that jury?

A.    Say that again.

Q.    Do you understand my question?

A.    Say that again, that last part.

Q.    Let's assume that you were to have a jury trial.  Let's assume that after the jury trial, ten of the people on the jury thought that you were guilty, two of the people thought that you were not guilty.  Would you be convicted by that jury?

A.    I understand.

55

Q.     Let me repeat the principle again.

You wouldn't be.  Under the law, at a jury trial the district attorney has to convince everybody on your jury that you are guilty and they have to convince everybody beyond a reasonable doubt that you are guilty.

Do you understand that?

A.     Yes.

Q.     Unless he can convince all twelve people beyond a reasonable doubt, you cannot be convicted in a jury trial.

Do you understand that?

A.     Yes.

Q.     So what would be the answer to my question.  If ten people thought that you were guilty and two people thought that you were not guilty, would you be convicted?

A.     No.

Q.     This is a harder question.

What if everybody on the jury thought that you were guilty.  Eleven of them are convinced beyond any doubt whatsoever, clearly they are convinced beyond a reasonable doubt.  One of the people on the jury thinks you are guilty, but has a reasonable doubt about that.  Should you be convicted by that jury?

A.     No.

Q.     That is exactly right because they are to convince everybody beyond a reasonable doubt.  That is exactly right.

At a judge trial, what basically happens is they still have to prove their case beyond a reasonable doubt. Now, how many people do they have to convince at a judge trial?

A.    One.

Q.    That's exactly right.  One person.

MR. STEIN:  Just for the record, he pointed at you.

BY THE COURT:

Q.    That's right.  You understand all of that.

I just sat through a suppression hearing. Do you understand what I mean by a suppression hearing?

A.    No.

Q.    That is what we did today when the detectives testified about what they stated was your statement.  You testified and said that you didn't give them a statement and I ruled a few minutes ago that I basically believed the detectives.  I did not believe what you were testifying to.

Do you understand that that is what I ruled?

A.    Yeah.

Q.    Now, by going to trial before me, you are basically going to trial before a judge who has already heard your testimony and rejected it as not being trustworthy.

Do you understand that?

A.    Yes.

Q.    You have a right to ask me what we call recusing myself. You have a right to say, "Judge, you have already, one, heard my testimony and, second, you don't believe what I was testifying to.  I have a right to testify at trial.  I don't want to have to do that in front of you.  I want you to send my case to a different judge for trial."

By proceeding to trial before you, you are giving up and waiving your right to ask me to recuse myself and send you to a different judge.

Do you understand that?

A.    Yes.

Q.    Is that something you are willing to do?  Do you want me to hear your case or do you want a different judge to hear your case?

A.    I want you.

Q.    Have you talked to Mr. Stein about that?

A.    Yes.

Q.    Are you comfortable with his advice about that?

A.    Yeah.

Q.    Has anybody forced you or coerced you to give up your right to ask me to recuse myself?

A.    No.

Q.    I want you to tell me what recusal means?  What does the word "recusal" mean?

A.    I don't know.

Q.   Again, if you don't understand a question, tell me.

A.   I don't understand.

Q.   Recusal is when I talked about your right to ask me to step down and send this case to a different judge.  We call that whole process recusal.  Meaning, there is something about this case that one judge would say it's better for a different judge to hear your case.  You have a right to ask me to do that and you are giving up that right today.

Do you understand that?

A.   Yes.

Q.   And you are willing to do that?

A.   Yes, sir.

THE COURT:  What is the level of the homicide you are proceeding on?

MR. MC GETTIGAN:  Your Honor, it's a potential first-degree murder.

THE COURT:  Is there anything else that I left out?

MR. STEIN:  No.

BY THE COURT:

Q.   Mr. Godfrey, I am going to ask you to take a look at this waiver form that I mentioned a few moments ago.  Mr. Stein will read that over to you.  It is a brief summary of what I have just discussed.

(A break was taken.)

MR. MC GETTIGAN:  The Court has the waiver form before you.  I would ask that the record reflect that the defendant has consulted both with his attorney and with two family members during the short break.

THE COURT:  That is correct.

Mr. Godfrey has spoken with his attorney and - -

MR. STEIN:  His mother and sister.

THE COURT:  The waiver form has been signed.  Actually, there is an X there.  I assume that's Mr. Godfrey's signature.

MR. STEIN:  Your Honor, Mr. Godfrey signed the waiver of jury trial form in my presence and his name appears on the line for the defendant's name, that he put his name there in my presence.  I then signed after he signed and Mr. McGettigan.

THE COURT:  I signed and I accept the waiver as being voluntarily entered into and intelligently, and ask that it accordingly be put into the Quarter Sessions file.

MR. STEIN:  We would ask the Court to allow us to waive arraignment and enter pleas of not guilty to the charges.

THE COURT:  On Bill 1099, I sentence the defendant, as required, to a mandatory term of imprisonment of life.  This will be an interim sentence.

Do you have a sentencing date?

THE COURT CRIER:  June 26.

THE COURT:  The matter will be continued for final sentencing and/or post-verdict motions to June 26.

I will hold sentencing on 1101, 1102, and 1103.  Realistically speaking, I have not seen a pre-sentence report but I cannot imagine that there will be consecutive time here.

I will order a pre-sentence report and psychiatric.  If you want one, I wl order one.

MR. MC GETTIGAN:  Your Honor, if I may, I am not sure, perhaps Mr. Stein or the Court will know, there may be some benefit in helping the institutional system classify him.

MR. STEIN:  I think we ought to have one.

THE COURT:  I will ask for a pre-sentence

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

(eff. 12/1/04)

_____ JESSE GODFREY _____ PETITIONER
(Full Name)   (Include name under which you were convicted)

vs

Case No _____
(Supplied by the Court)

_____ DAVID DIGUGLIELMO, et al. _____ RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

and

THE DISTRICT ATTORNEY OF THE COUNTY OF ___ PHILADELPHIA ___

and

THE ATTORNEY GENERAL OF THE STATE OF ___ PENNSYLVANIA ___

ADDITIONAL RESPONDENT

_____ JESSE GODFREY _____        BM-5499 _____
Name                                        Prison Number

_____ S.C.I. Graterford, Graterfod, PA 19426, P.O. Box 244 _____
Place of Confinement

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS-READ CAREFULLY

1. You must include all potential claims and supporting facts for which you might desire to seek review because a second or successive habeas corpus petition cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals as set forth in instruction # 13.

2. Your habeas corpus petition must be filed within the 1 year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). There are limited circumstances in which the petition may be amended, within the one year time period, to add additional claims or facts, see Federal Rules of

Civil Procedure 15, or amended after the [...] timely presented. *See United States v. Thomas*, 221 F. 3d 430 (3d Cir 2000 [...] ... order to clarify or ampli[...]

3  Any false statement of a material fact in your petition, in a motion for leave to proceed i[...] forma pauperis, or in any other motion you file in this case may serve as the basis for prosecutio[...] and conviction for perjury

4  This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner or by your representative on Page 11  You should answer all questions concisely in the proper space of the petition  If you need more room to answer any question, you may write on the reverse blank sides of the petition

5  You may not attach additional pages to the petition  You do not have to list or cite the cases or law that you are relying on  If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition

6  When you file your petition, you must include a filing fee of $5.00  If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction # 8

7  Your petition will be filed if you have followed these instructions and it is in proper order

8  To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages 12 through 18 of the petition  You should answer all questions and sign where indicated on Pages 12 and 18  You should see to it that an authorized prison official completes the certification on Page 19  You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement  The Court will let you know if you may proceed in forma pauperis

9  Only final judgments entered by one state court may be challenged in a single petition  If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court

10  As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition  This means that every claim must have been presented to each level of the state courts  If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition  28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits

11  As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence  Under 28 U.S.C. § 2254(e)(2), if

You have failed to develop the factual basis of that claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that

> (i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable, or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence
>
> You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was* presented in a prior habeas corpus petition

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was not* presented in a prior habeas corpus petition unless you show

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable, or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question
>
> Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post conviction habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition

15. When the petition is fully completed, the original and four copies must be mailed to the Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106. You must return all pages, including these instructions

1  (a)  Name and location of court which entered the judgment of conviction under attack

Court of Common Pleas of ___ Philadelphia County, PA

(b)  Name of Prosecutor __ Joseph McGettigan, Esquire

(c)  Prosecution conducted by District Attorney's Office of Philadelphia County County

2  (a)  Date of Judgment of conviction __ February 14, 1994

(b)  Indictment number or numbers __ CP 9007-1099 1/1

Term __ July Term ___ Criminal Case Number __ 1099

3  Length of sentence ___ LIFE ___ Sentencing Judge Theodore A. McKee

4  Nature of offense or offenses for which you were convicted __ 2nd Degree Murder

Burglary, Robbery, Possession of Instrument Crime

5  What was your plea? (Check one)
(a)  Not guilty (χ)  (b)  Guilty ( )  (c)  Nolo contendere ( )

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details _____

_____ N/A _____

6  If you pleaded not guilty, what kind of trial? (Check one)  (a)  Jury ( )  (b)  Judge only (χ)

7  Did you testify at the trial?  Yes ( )  No (χ)

8  Did you appeal from the judgment of conviction?  Yes (χ)  No ( )

9  If you did appeal, answer the following

(a) Name of court    Superior Court

(b) Result    Judgment Affirmed

(c) Date of result and citation, if known    June 30, 1993, No. 1365 Phil 19

(d) Grounds raised    Trial counsel was ineffective for failing to present expert testimony that defendant was incapable of knowingly and voluntarily waiving his Miranda due to pre-existing mental condition.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following

    (1) Name of court _____ N/A

    (2) Result _____

    (3) Date of result and citation, if known _____

    (4) Grounds raised _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal

    (1) Name of court _____ N/A

    (2) Result _____

    (3) Date of result and citation, if known _____

    (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?    Yes (X)  No ( )

11. If your answer to 10 was "Yes," give the following information:

    (a) (1) Name of Court    Court of Common Pleas, Phila. County, PA

        (2) Nature of proceeding    Pro se Post Conviction Relief Act Petition State P.C.R.A.

issues raised (1) defendant did knowingly and intelligently waive his right to a jury trial; and all prior counsel were ineffective in failing to preserve this issue for appellate review. (2) trial counsel was ineffective in failing to request that the trial judge recuse himself after admitting on the record that he did believe defendant's testimony at the suppression hearing.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )   No (χ)

(5) Result _____ Dismissed

(6) Date of result March 20, 2001

(7) Did you appeal the result to a higher court?   Yes (χ)  No ( )

Court Name(s) Superior Court of Pennsylvania

Result(s) Appeal Dismissed for Failure to file a Brief

Result Date(s) November 7, 2001, Dismissed Sua Sponte
No. 1968 EDA 2001

(b) As to any second petition, application or motion give the same information

(1) Name of Court Superior Court of Pennsylvania

(2) Nature of proceeding Reinstated appeal, No. 521 EDA 2002

(3) Grounds raised _____ same as above

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )   No (χ)

(5) Result _____ Appeal Dismissed as Duplicative of Appeal
docketed at No. 1968 EDA 2001

March 1, 2002 (Feb. 23, 2002)

(7) Did you appeal the result to a higher court?   Yes ( )  No (X)

Court Name(s) _____ N/A _____

Result(s) _____

Result Date(s) _____

(c) As to any third petition, application or motion give the same information.

(1) Name of Court   Court of Common Pleas, Phila. County, PA

(2) Nature of proceeding   pro se P.C.R.A. Petition, 2nd

_____

(3) Grounds raised   same as issues raised in PCRA Dismissed

March 20, 2001 (see page 6, the petition)

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No (X)

(5) Result   PCRA Dismissed November 14, 2003
Kathryn Streeter-Lewis, J.

_____

(6) Date of result November 14, 2003

(7) Did you appeal the result to a higher court?   Yes (X)  No ( )

Court Name(s) Superior Court of Pennsylvania

Result(s) Appeal Dismissed for failure to file a brief

Result Date(s) June 22, 2004  No. 3754 EDA 2003

explain briefly why you did not ~~~~~~~ ~~~ petition application or motion

~~~~~~~~~~~~~~~~~~~~~ ~~~~~~~~~~ and I do not understand the law.

I needed a lawyer to help me and did not have one.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground

*CAUTION:* In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds

 (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea

 (b) Conviction obtained by use of coerced confession

 (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim)

 (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim)

 (e) Conviction obtained by a violation of the privilege against self-incrimination

 (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant

 (g) Conviction obtained by a violation of the protection against double jeopardy

 (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled

 (i) Denial of effective assistance of counsel

 (j) Denial of right of appeal

... THE COURT PROSECUTE AN INCOMPETENT, WHO COULD IN NO WAY KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVE HIS RIGHT TO A TRIAL?

Supporting FACTS (state *briefly* without citing cases or law)

The petitioner prior to this incident, had a history of mental illness and drug dependency. He was under a physicians care for years prior to his arrest and had been diagnoised as mentally retarded. He was heavily medicated prior to arrest and before and during his waiver. The record shows he did not understand the waiver proceedings.

B Ground two WHETHER THE PETITIONER BEING INCOMPETENT WHEN HE WAIVED HIS RIGHT TO A TRIAL CONSTITUTES A MANIFEST INJUSTICE WHICH NO CIVILIZED SOCIETY CAN TOLERATE?

Supporting FACTS (state *briefly* without citing cases or law)

The record shows that the court was fully aware that the petitioner was incompetent and ordered he be housed in the infirmary when committed to State custody. The States "Factual Basis" included a statement that supported that the petitioner could not mentally fully form the intent nor understand his acts.

C Ground three _____

_____

Supporting FACTS (state *briefly* without citing cases or law)

_____

_____

_____

D Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law)

_____

13  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court state or federal, state *briefly* what grounds were not so presented, and give your reasons for no presenting them

The petitioner has not presented these claims in this manner
in the State court because , in accord with  Lines v. Larkin,
there is not a remedy available in the State court for the
petitioner to present his claims.

14  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?      Yes ( )  No (X)

15  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein

(a)  At preliminary hearing   Not Known

(b)  At arraignment and plea   Gerald Stein, Esquire

2727 Centre Square W., 1500 Market St, Phila. PA 19102

(c)  At trial

(d)  At sentencing   Gerald Stein, Esquire (address same as above)

(e)  On appeal   Edward C. Meehan, Jr., Esquire

1420 Walnut St., Suite 911, Phila., PA 19102

(f)  In any post conviction proceeding   Scott F. Griffin, Esquire

2000 Market St., Phila., PA 19103

(g)  On appeal from any adverse ruling in a post-conviction proceeding

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes (X)  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?                    Yes ( )  No (X)

(a)  If so, give name and location of court which imposed sentence to be served in the future

N/A

(b)  And give date and length of sentence to be served in the future

N/A

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?     Yes ( )  No ( )

N/A

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____May 31, 2007_____          _Jesse Godfrey_
                        Date                                    Petitioner's Signature or
                                                    Signature of Petitioner's Representative

"Wherefore, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding"

_____
Signature of Attorney (if any)

Appeal in Forma Pauperis or Motion for Permission to Proceed in the District Court and/or on Appeal Pursuant to Habeas Corpus under 28 U.S.C. Sections 2241 and 2254

United States District Court for the Eastern District of Pennsylvania

JESSE GODFREY
(Plaintiff)

# FILED

V                                              JUN 2 9 2007

MICHAEL E. KUNZ, Clerk
By_____ti._____Dep. Clerk

DAVID DIGUGLIELMO, et al.
(Defendant(s))

District Court Case No ___01-2711___.

Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746, 18 U.S.C. § 1621.)

Signed  *Jesse Godfrey*
        Petitioner or Petitioner's Representative

Instructions

Complete all questions in the application and then sign it. Do not leave any blanks. If the answer to a question is "0," "none," or "not applicable" ("N/A"), write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: May 31, 2007

the court prosecuted an income tax... right to a jury. ...not knowingly

II. The petitioner being incompetent when he waived his right to a jury constitutes a manifest injustice.

1 For both you and your spouse, estimate the average amount of money received from each of the following sources during the past twelve (12) months Adjust any amount that was received weekly, quarterly, semiannually, or annually to show the monthly rate Use gross amounts, that is, amounts before any deductions for taxes or otherwise

**The petitioner is single**

| Income Source | Average Monthly amount during the past 12 months | Amount expected Next Month |
|---|---|---|
| Employment **Prison Wages** | $ 23.00 | $ 23.00 |
| Self employment | $ 0.00 | $ 0.00 |
| Income from real property (such as rental income) | $ 0.00 | $ 0.00 |
| Interest and Dividends | $ 0.00 | $ 0.00 |
| Gifts | $ 0.00 | $ 0.00 |
| Alimony | $ 0.00 | $ 0.00 |
| Child Support | $ 0.00 | $ 0.00 |
| Retirement (such as social security, pension, annuities, insurance) | $ 0.00 | $ 0.00 |
| Disability (such as social security, insurance payment) | $ 0.00 | $ 0.00 |
| Unemployment payments | $ 0.00 | $ 0.00 |
| Public Assistance (such as Welfare) | $ 0.00 | $ 0.00 |
| Other (specify) | $ 0.00 | $ 0.00 |
| Total Monthly Income | $ 23.00 | $ 23.00 |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)   I have been confined for 17 years

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
|  |  |  |  |
|  |  |  |  |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)   Petitioner is single

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
|  |  |  |  |
|  |  |  |  |

4. How much cash do you and your spouse have? $ 0,00

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
|  |  |  |  |
|  |  |  |  |

If you are a prisoner, you must attach a statement *certified by the appropriate institutional officer* showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

Home(Value)                    Other estate  Real(Value)

_____N/A_____              _____N/A_____

_____              _____

_____              _____


Motor Vehicle # 1

Value                _____N/A_____

Make & Year          _____

Model                _____

Registration #:      _____


Motor Vehicle # 2

Value                _____N/A_____

Make & Year          _____

Model                _____

Registration #:      _____


Other Assets                   Value of other assets

_____N/A_____              _____N/A_____

_____              _____

_____              _____


6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your Spouse money | Amount owed to you | Amount owed to your Spouse |
|---|---|---|
| N/A | N/A | N/A |
|  |  |  |
|  |  |  |

| Name | Relationship | Age |
|------|-------------|-----|
| N/A | N/A | N/A |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ N/A | $ N/A |
| Are real estate taxes included? | Yes 0.00 N/A | No 0.00 N/a |
| Is property insurance included? | Yes 0.00 N/A | No 0.00 N/a |
| Utilities (electricity, heating fuel, water, sewer and telephone) | $ 0.00 | $ 0.00 |
| Home maintenance (repairs and upkeep) | $ 0.00 | $ 0.00 |
| Food | $ 0.00 | $ 0.00 |
| Clothing | $ 0.00 | $ 0.00 |
| Laundry & Dry Cleaning | $ 0.00 | $ 0.00 |
| Medical and dental expenses | $ 0.00 | $ 0.00 |
| Transportation (not including motor vehicle payments) | $ 0.00 | $ 0.00 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0.00 | $ 0.00 |
| Insurance (not deducted from wages or included in Mortgage payments) | $ 0.00 | $ 0.00 |
| Homeowner's or Renter's | $ 0.00 | $ 0.000 |
| Life | $ 0.00 | $ 0.00 |
| Health | $ 0.00 | $ 0.00 |

Motor Vehicle                                                              $ 0.00

Other _____          $ 0.00              $ 0.00

Taxes (not deducted from wages or
included in Mortgage payments)
(specify) _____ N/A _____             $ 0.00              $ 0.00

Installment payments                    $ 0.00              $ 0.00

Motor Vehicle                           $ 0.00              $ 0.00

Credit Card (name) ___N/A___            $ 0.00              $ 0.00

Department Store (name) __N/A__         $ 0.00              $ 0.00

Other ____N/A____                       $ 0.00              $ 0.00

Alimony, maintenance, and support paid
to others                               $ 0.00              $ 0.00

Regular expenses for operation of
business, profession, or farm (attach
detailed statement)                     $ 0.00              $ 0.00

TOTAL MONTHLY EXPENSES                  $ 0.00              $ 0.00

9. Do you expect any major changes to your monthly income or expenses or in your
assets or liabilities during the next 12 months?   **No**

Yes ( )  No ( **X** )  If yes, describe on an attached sheet

10.  Have you paid or will you be paying an attorney any money for services in connection
with this case, including the completion of this form?   Yes ( )  No ( **X** )

If yes, state the attorney's name, address, and telephone number

_____ **N/A** _____

_____

_____

11.  Have you paid - or will you be paying - anyone other than an attorney (such as a paralegal or
a typist) any money for services in connection with this case, including the completion of this form?
Yes ___ No **No**

N/A

12 Provide any other information that will help explain why you cannot pay the docket fees for your appeal

I am incarcerated and serving a Life sentence and have been incarcerated for the past 17 years. I do not have any outside support and do not receive any income other than Prison Wages.

13 State the address of your legal residence

S.C.I. Graterford, P.O.Box 244

Graterford, PA 19426

Your daytime phone number    N/A

Your age    45                     Your years of schooling    RE

Your Social Security number  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

I declare under the penalty of perjury that the foregoing is true and correct

*Jesse Godfrey*
(Petitioner's Signature or Signature of Petitioner's Representative)

Executed on _____
DATE

## CERTIFICATION

I hereby certify that the petitioner herein has the sum of $_____ on account to his credit at the _____ Institution where he is confined. I further certify that petitioner likewise has the following securities to his credit according to the records of said _____ Institutions _____

_____

_____


_____
AUTHORIZED PRISON OFFICIAL


_____
DATE